# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00058-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARK STEPHEN SEYMOUR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 18].

On June 1, 2021, the Defendant was charged in a Bill of Indictment with one count of knowingly possessing and accessing with intent to view any material containing an image of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). [Doc. 1]. On June 23, 2021, Defendant's initial appearance and arraignment were held, at which time the Magistrate Judge appointed counsel and calendared the case to the June 28, 2021 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to the September 7, 2021 trial term. Upon motion of the Defendant, the Court continued the case on two occasions to its current setting during the January

3, 2022 trial term. [Docs. 13, 15]. On December 9, 2021, the Defendant filed a notice of intent to plead guilty and the Government filed a factual basis. [Docs. 16, 17].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 18]. Among other grounds, counsel states that the Defendant learned he tested positive for COVID-19 on November 18, 2021 and remained symptomatic with COVID-19 until last week. [Id. at 1-2]. Counsel also states that, while the Defendant is feeling better this week, the Defendant has not received a COVID-19 test since he tested positive and transporting the Defendant would require contact with various law enforcement officers and judiciary staff. [Id. at 2]. Counsel further states that her understanding is that the Defendant contracted COVID-19 during a jail outbreak that affected other detainees and staff. [Id.]. Counsel for the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 3].

While the Court has undertaken substantial actions to reduce the negative effects and dangers of COVID-19, in light of the public health considerations and remaining concerns regarding COVID-19, the Court still allows some portion of felony pleas under Rule 11 of the Federal Rules of

Criminal Procedure to be conducted by means of videoconference, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR.

Here, the Defendant has already contracted COVID-19 as early as November 18, 2021 and ceased being symptomatic as of last week. Further, the timing of the Defendant's Rule 11 hearing can be adjusted to eliminate the concerns expressed regarding the potential for Defendant remaining contagious.[1] Therefore, conducting the Defendant's Rule 11 Hearing in-person will not seriously jeopardize public health and safety.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Defendant's motion will be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 18] is **DENIED.**

**IT IS SO ORDERED.**

Signed: December 17, 2021

Martin Reidinger
Chief United States District Judge

---

[1] Further, the Court's personnel attempted to determine the possibility of conducting the Defendant's Rule 11 Hearing by videoconference at the Defendant's facility of confinement. The Court, however, is informed that conducting the Defendant's Rule 11 Hearing by videoconference is not a viable prospect at this time.